# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN K. CRUZ,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br>WASHINGTON MUTUAL BANK, et al.,<br><br>　　　　　　　　　　Defendants. | CASE NO. 11CV471 DMS (POR)<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER** |

      This case comes before the Court on Plaintiff's *ex parte* application for a temporary restraining order ("TRO") and an order to show cause why a preliminary injunction should not be issued preventing Defendants from spending or dissipating any of Plaintiff's real or personal property, including any money paid by Plaintiff as a result of Defendants' loan modification scheme. Plaintiff included his application as a claim for relief in his Complaint. (Complaint ¶¶ 106-07.) It does not appear that Defendants have yet been served with the Complaint. For the reasons set forth below, Plaintiff's application is denied.

      The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974)(noting a temporary restraining order is restricted to its "underlying purpose of preserving the status quo and preventing irreparable harm just

1  so long as is necessary to hold a hearing, and no longer"). Injunctive relief is "an extraordinary remedy
2  that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v.*
3  *Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 376 (2008). The standard for issuing a
4  temporary restraining order is identical to the standard for issuing a preliminary injunction. *Lockheed*
5  *Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). A party
6  seeking injunctive relief under Federal Rule of Civil Procedure 65 must show "that he is likely to
7  succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief,
8  that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am.*
9  *Trucking Ass'ns v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009)(quoting *Winter,* 129 S.
10 Ct. at 374).

11     Here, Plaintiff has not shown a likelihood of irreparable harm in the absence of preliminary
12 relief. Plaintiff alleges a trustee's sale on the subject property was scheduled for October 27, 2010 and
13 states a claim to set aside the trustee's sale. (Complaint ¶¶ 34, 54-57.) Therefore, Plaintiff has not
14 shown he is currently facing irreparable injury in the form of the loss of his home, nor has he shown
15 how any potential financial injury he is facing is irreparable. Plaintiff also has not demonstrated he
16 is likely to succeed on the merits of any of his claims. Further, Plaintiff does not address whether the
17 balance of equities tips in his favor or if the injunction is in the public interest. In the absence of a
18 showing of these elements, Plaintiff is not entitled to a TRO. Accordingly, Plaintiff's application is
19 denied without prejudice.

20     **IT IS SO ORDERED.**

21 DATED: March 9, 2011

_____
HON. DANA M. SABRAW
United States District Judge