# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN K. CRUZ,<br><br>　　　　　　　　Plaintiff,<br>　vs.<br>WASHINGTON MUTUAL BANK, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 11CV471 DMS (POR)<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER** |

　　　This case comes before the Court on Plaintiff's application for a temporary restraining order ("TRO") and preliminary injunction preventing Defendants from engaging in any act to deprive Plaintiff of ownership or possession of his real property, including proceeding with a non-judicial foreclosure sale. For the reasons set forth below, Plaintiff's application for a TRO is granted.

## I.
## BACKGROUND

　　　This case involves the refinance of a loan obtained by Plaintiff from Washington Mutual Bank on or around March 14, 2005, which is secured by a Deed of Trust on his property. A foreclosure sale of the property is currently scheduled for March 18, 2011. On March 8, 2011, Plaintiff filed a Complaint against Defendants Washington Mutual Bank ("WAMU"), Chase Bank, and Mortgage Electronic Registration Services. (Doc. 1.) It does not appear that the Complaint has been served on any Defendants. The Complaint sets forth fourteen claims for relief: (1) violation of the Truth in

Lending Act, (2) violation of the Fair Debt Collection Practices Act, (3) violation of the Real Estate Settlement Procedures Act, (4) to set aside and vacate the trustee's sale and cancel the trustee's deed, (5) unjust enrichment, (6) promissory estoppel, (7) accounting, (8) violation of the Consumers Legal Remedies Act, (9) disgorgement under California Business and Professions Code § 17200, (10) violation of California Business and Professions Code § 17200, (11) fraud, (12) negligence, (13) declaratory relief, and (14) application for a TRO. Plaintiff included an application for a TRO and an order to show cause why a preliminary injunction should not be issued as a claim for relief in his Complaint. On March 9, 2011, the Court issued an Order denying Plaintiff's motion for a TRO. (Doc. 3.) On March 11, 2011, Plaintiff filed the instant motion for a TRO and a preliminary injunction, seeking this Court's order enjoining the foreclosure sale.[1]

## II.

## LEGAL STANDARD

The purpose of a TRO is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974)(noting a temporary restraining order is restricted to its "underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 376 (2008). The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes*

---

[1] Plaintiff provided proofs of service indicating his TRO motion had been served on Defendant WAMU by hand and on Defendants Chase Bank and Mortgage Electronic Registration Services by mail. The Court notes it has been unable to reach any of Defendants at the phone numbers provided by Plaintiff and it is unclear whether Defendants have received actual notice of Plaintiff's motion. However, even assuming Plaintiff has not provided actual notice of his motion to Defendants, the Court may nonetheless grant it. Federal Rule of Civil Procedure 65(b) provides that the Court may issue a TRO without written or oral notice to the adverse party if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and reasons why it should not be required." Here, Plaintiff has indicated the foreclosure sale on his home is scheduled for March 18, 2011 and has shown the injury resulting from such a sale would be irreparable. Plaintiff has further provided proof of his attempts to provide notice to Defendants. Accordingly, the Court may properly grant the TRO motion.

1  *Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  A party seeking injunctive relief under
2  Federal Rule of Civil Procedure 65 must show "that he is likely to succeed on the merits, that he is
3  likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips
4  in his favor, and that an injunction is in the public interest."  *Am. Trucking Ass'ns v. City of Los*
5  *Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009)(quoting *Winter,* 129 S. Ct. at 374).  With respect to the
6  showing a plaintiff must make regarding his chances of success on the merits, the Ninth Circuit applies
7  a sliding scale approach.  *See Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1049 (9th Cir.
8  2010).  Under the sliding scale approach, the elements of the preliminary injunction test are balanced
9  and, where a plaintiff can make a stronger showing of one element, it may offset a weaker showing
10 of another.  *Id*.  "Therefore, 'serious questions going to the merits' and a hardship balance that tips
11 sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows
12 a likelihood of irreparable injury and that the injunction is in the public interest."  *Id.* at 1053.

**III.**

**DISCUSSION**

15  The primary basis for Plaintiff's motion is that he was fraudulently induced to enter into default
16 in order to obtain a modification of his loan.  Plaintiff claims "that, around February 15, 2009, a
17 representative of WAMU instructed him to cease making the scheduled payments and to default on
18 his loan, and that if Plaintiff complied, WAMU would restructure his loan." (TRO Memo. at 5, 6.)
19 Plaintiff alleges he immediately stopped making payments and submitted a loan modification
20 application to WAMU after being in default for 90 days, as instructed. (*Id.* at 2.)  Plaintiff alleges he
21 was subsequently informed by a WAMU representative that his application was missing and he
22 submitted a second application. (*Id.*)  Plaintiff contacted WAMU 30 days later and discovered that
23 Defendant Chase Bank had assumed all of WAMU's assets and liabilities. (*Id.* at 3.)  He then
24 contacted Chase and was told by a representative that his application was missing and he needed to
25 submit a third application. (*Id.*)  After submitting his third application, Plaintiff obtained a conditional
26 loan modification and resumed making monthly payments on his loan. (*Id.*)  However, when he
27 subsequently inquired about the status of his property insurance and taxes, he was told he would have
28 to submit a fourth loan modification application. (*Id.*)  He did so and it was quickly denied. (*Id.*; *see*

1 | *also* Complaint ¶¶ 21-33.)

2 |     In his motion for a TRO, Plaintiff argues he has shown a likelihood of success on the merits of his claims for violation of California Business and Professions Code § 17200 and promissory estoppel. The Court interprets Plaintiff's argument regarding his claim for promissory estoppel as applying to his claim for fraud. The elements of a fraud claim are false representation, knowledge of falsity, intent to defraud, justifiable reliance, and damages. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Plaintiff alleges in a verified Complaint and in his motion for a TRO that a WAMU representative made a knowingly false statement to him with the intent to defraud, upon which he justifiably relied, causing damages. Accordingly, Plaintiff has at least raised serious questions going to the merits with respect to his fraud claim.

    Plaintiff has also shown the balance of hardships tips sharply towards him. If the TRO is not issued, Plaintiff is likely to lose possession of his home through a judicial foreclosure sale. In contrast, if the TRO is issued, Defendants will merely be required to delay the foreclosure sale. Their interest in Plaintiff's property will remain secured and, should this Order be dissolved or judgment be entered in favor of Defendants in this action, they will be able to proceed with the foreclosure sale at such time.

    Plaintiff has shown a probability of irreparable harm in the potential loss of his residence through an impending non-judicial foreclosure sale. Finally, as Plaintiff has argued, there is an interest in accurately resolving disputes over ownership of real property and it is in the public interest to permit homeowners the opportunity to pursue what appear to be valid claims before their homes are sold pursuant to a foreclosure sale. Accordingly, Plaintiff's motion for a TRO is granted.

    Under Rule 65, "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). In light of the hearing to be held on Plaintiff's motion for a preliminary injunction in short order, as discussed below, the Court does not require Plaintiff to post a bond at this time.

//

//

## IV.

## CONCLUSION

For the foregoing reasons, Plaintiff's application for a TRO is granted.  Defendants and their agents, employees, representatives, successors, partners, assigns, attorneys, and any and all acting in concert or participation with them are enjoined from engaging in or performing any act to deprive Plaintiff of ownership or possession of Plaintiff's real property located at 919 Brass Way, Encinitas, California 92024, including, but not limited to, proceeding with the non-judicial foreclosure sale scheduled for March 18, 2011 and recording any deeds relating to the property.  Defendants are ordered to show cause, on or before March 22, 2011, why a preliminary injunction should not be issued enjoining Defendants from taking such actions until termination of this case.  A hearing shall be held on Plaintiff's motion for a preliminary injunction on March 24, 2011 at 2:30 p.m. in Courtroom 10.  This temporary restraining order shall remain in place for 14 days or until this Court issues an Order on Plaintiff's motion for a preliminary injunction, whichever shall first occur.  The Court notes, pursuant to Federal Rule of Civil Procedure 65(a)(1), the Court "may issue a preliminary injunction only on notice to the adverse party."  Furthermore, the Court points out a TRO is binding only upon parties and their officers, agents, and employees or those acting in concert with them "who receive actual notice of [the TRO] by personal service or otherwise."  Fed. R. Civ. P. 65(d)(2).  Accordingly, Plaintiff shall forthwith serve a copy of this Order upon all Defendants.

**IT IS SO ORDERED.**

DATED: March 14, 2011

_____
HON. DANA M. SABRAW
United States District Judge