UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN K. CRUZ,<br><br>                    Plaintiff,<br>   vs.<br><br>WASHINGTON MUTUAL BANK, et al.,<br><br>                    Defendants. | CASE NO. 11CV471 DMS (POR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION** |

Pending before the Court is Plaintiff's motion for a preliminary injunction preventing Defendants from engaging in any act to deprive Plaintiff of ownership or possession of his real property, including proceeding with a non-judicial foreclosure sale. On March 11, 2011, Plaintiff filed a motion for a temporary restraining order and a preliminary injunction, seeking this Court's order enjoining a scheduled foreclosure sale. On March 14, 2011, the Court issued an Order granting Plaintiff's motion for a temporary restraining order on the basis that he had raised serious questions going to the merits of his claim for fraud and had established the remaining elements necessary for a temporary restraining order to issue. On April 18, 2011, the Court held a hearing on Plaintiff's motion for a preliminary injunction.

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 376 (2008). A party seeking injunctive relief under Federal Rule of Civil Procedure 65

1 must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the
2 absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in
3 the public interest." *Am. Trucking Ass'ns v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir.
4 2009)(quoting *Winter,* 129 S. Ct. at 374).

5 In his motion, Plaintiff argues he has shown a likelihood of success on the merits of his claims
6 for violation of California Business and Professions Code § 17200 and promissory estoppel. The
7 Court previously interpreted Plaintiff's argument regarding his claim for promissory estoppel as
8 applying to his claim for fraud. (Mar. 14 Order at 4.) The primary basis for Plaintiff's motion is his
9 claim that he was fraudulently induced to enter into default in order to obtain a modification of his
10 loan. Plaintiff claims "around February 15, 2009, a representative of WAMU instructed him to cease
11 making the scheduled payments and to default on his loan, and that if Plaintiff complied, WAMU
12 would restructure his loan." (PI Mot. at 5, 6.) Plaintiff alleges he immediately stopped making
13 payments and submitted a loan modification application to WAMU after being in default for 90 days,
14 as instructed. (*Id.* at 2.) Plaintiff alleges he was subsequently informed by a WAMU representative
15 that his application was missing and he submitted a second application. (*Id.*) Plaintiff contacted
16 WAMU 30 days later and discovered that Defendant Chase Bank had assumed all of WAMU's assets
17 and liabilities. (*Id.* at 3.) He then contacted Chase and was told by a representative that his application
18 was missing and he needed to submit a third application. (*Id.*) After submitting his third application,
19 Plaintiff obtained a conditional loan modification and resumed making monthly payments on his loan.
20 (*Id.*; Complaint ¶ 28.) However, when he subsequently inquired about the status of his property
21 insurance and taxes, he was told he would have to submit a fourth loan modification application. (*Id.*)
22 He did so and it was quickly denied. (*Id.*; *see also* Complaint ¶¶ 21-33.) Thereafter, Defendants
23 initiated foreclosure proceedings upon Plaintiff's property.

24 Plaintiff has not sufficiently established a likelihood of success on the merits of his claims to
25 support the issuance of a preliminary injunction. Although Plaintiff alleges he was informed by a
26 WAMU representative that, if he voluntarily entered into default on his loan, he would receive a loan
27 modification, he also alleges he was in fact subsequently granted a conditional loan modification and
28 resumed making monthly payments. (Complaint ¶ 28.) Furthermore, he has failed to provide the

Court with information as to the terms of the conditional modification, the length of time he made payments pursuant to the modification, if or when he stopped making payments subsequent to the modification, and when the notice of default and notice of trustee's sale were issued and recorded. Accordingly, Plaintiff's motion for a preliminary injunction is denied without prejudice.

**IT IS SO ORDERED.**

DATED: April 18, 2011

_____
HON. DANA M. SABRAW
United States District Judge